IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER ALEXANDER,

    Plaintiff,

v.                                      CASE NO. 4:11-cv-498-SPM-GRJ

SALVADOR et al.,

    Defendants.

_____/

## **ORDER**

    Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* complaint in the Tallahassee division of this Court. (Doc. 1.)  Plaintiff is currently incarcerated at the Lake Butler Reception and Medical Center in the Middle District of Florida.  (Doc. 4.)  The events and omissions giving rise to the claims alleged in Plaintiff's Complaint and First Amended Complaint (titled "Supplemental Motion") occurred while Plaintiff was incarcerated at Calhoun Correctional Institution in Blountstown, Calhoun County, Florida.  (Docs. 1, 7.) Calhoun County is located within the territorial confines of the Panama City division of this Court.

    N.D.Fla.Loc.R. 3.1(A) provides in relevant part: "All civil cases in which venue properly lies in a division of this district . . . shall be filed in that division and shall remain pending in that division until final disposition unless transferred to another division by order of the court."  In his First Amended Complaint, Plaintiff has named as defendants a physician at Calhoun C.I. and the warden of Calhoun C.I.

Pursuant to 28 U.S.C. § 1391(e) venue in a "A civil action in which a defendant is an officer or employee of the United States or any agency thereof ... may ... be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) the plaintiff resides if no real property is involved in the action. In this case, all of the events and alleged omissions giving rise to Plaintiff's claims in the Complaint and First Amended Complaint occurred at Calhoun C.I. in Blountstown, Calhoun County, Florida. The defendants were employed at Calhoun County and the Plaintiff now resides in Union County, Florida at the Lake Butler RMC and therefore neither the Defendants nor the Plaintiff reside in the Tallahassee division of the Court. Accordingly, venue for this action properly lies in the Panama City division of this Court, which covers Calhoun County. Therefore, pursuant to N.D.Fla.Loc.R. 3.1(C) this action should be transferred to the Panama City division of the Court.

Accordingly, upon due consideration, it is **ORDERED**:

The Clerk is directed to transfer this case to the Panama City division of the Court pursuant to N.D.Fla.Loc.R. 3.1(C)

**DONE AND ORDERED** this 19th day of January 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge